**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Morris Glidden

      v.                                            Civil No. 10-cv-350-SM

Franklin County Probate and
Family Court et al.

**REPORT AND RECOMMENDATION**

Before the Court is Morris Glidden's request for a writ of
mandamus directing the Cheshire County Superior Court in Keene,
New Hampshire, to retain jurisdiction over the custody of his
minor daughter.  Because Glidden is proceeding pro se and in
forma pauperis, the matter is before me for preliminary review
to determine, among other things, whether or not the petition
states any claim upon which relief may be granted.  See 28
U.S.C. § 1915(a)(1); United States District Court for the
District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

Standard of Review

Under this Court's local rules, when a person commences an
action pro se and in forma pauperis, the Magistrate Judge
conducts a preliminary review.  LR 4.3(d)(1).  In conducting the
preliminary review, the Court construes all of the factual
assertions in the pro se pleadings liberally, however inartfully

1

pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions,

2

labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id.  (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

Background

In 2007, the Cheshire County Superior Court granted Glidden a divorce from Kathleen O'Connor.  Prior to the issuance of the final divorce order, Glidden claims he had primary physical custody of the couple's minor daughter, Colleen.  As part of the divorce order, and over Glidden's objection, O'Connor was granted primary custody and was allowed to take Colleen and move to Massachusetts to live with O'Connor's boyfriend, Martin Ostrowski.  The Court ordered O'Connor to keep Glidden apprised of O'Connor's health status.  The judge also stated that jurisdiction over Colleen's custody would be retained in the Cheshire County Superior Court.

In April 2008, Glidden received an email from O'Connor stating that she would be out of work for one week because she was ill.  On June 9, 2008, Glidden was notified that Ostrowski was seeking guardianship of Colleen in the Franklin County Probate and Family Court in Massachusetts.  Ostrowski grounded

his request on the fact that O'Connor had been diagnosed with lung cancer and was dying.

Ostrowski's petition for guardianship apparently asserted that custody with Glidden would be inappropriate.  A hearing on the motion was set for June 13, 2008.  At that hearing, the court granted temporary guardianship to Ostrowski.  Glidden asserts that the court's grant was based on false assertions by Ostrowski that Glidden had gone to Swanzey, New Hampshire, in violation of a court order, and that Glidden had previously gone to Ostrowski's town in Massachusetts with a gun to kidnap Colleen.  The court appointed a guardian ad litem and ordered an investigation into Glidden's parental fitness.

On December 18, 2009, a hearing was held in the Massachusetts guardianship case.  The testimony at the hearing indicated that Glidden was only allowed supervised visitation because he had been questioning Colleen about whom she wanted to live with and hanging up on her when he was upset with her, and that Glidden had not participated in the supervised visitation. An expert testified that Glidden was an unfit parent as he had neglected Colleen, an assertion Glidden disputed at the hearing and in his pleading before this Court.

Guardianship of Colleen was awarded to Ostrowski.[1]  The
petition is not clear as to the status of Glidden's parental,
custodial, or visitation rights.  Glidden states that he did not
appeal the Massachusetts court decision because he could not
afford an attorney and was financially ineligible for pro bono
counsel.  Glidden also feels he should not have to appeal the
Massachusetts decision because the Cheshire County Superior
Court agreed to retain jurisdiction over Colleen's custody.

                              The Claims[2]

Glidden is seeking a writ of mandamus from this Court
directing: (1) that the Franklin County Probate and Family Court
turn over jurisdiction of Colleen's custody to New Hampshire;
(2) that the Cheshire County Superior Court take jurisdiction of
Colleen's custody in accordance with its May 1, 2007, assertion
that it would retain jurisdiction; (3) that Glidden be permitted
to contact anyone in any state concerning O'Connor's health
history; (4) that the guardian ad litem appointed in the New
Hampshire case be investigated to see if she withheld O'Connor's
health information from Glidden, and charged with conspiracy if

_____

[1]The petition states that O'Connor is now deceased, but does not
state when she passed away.

[2]The claims, as identified in this Report and Recommendation,
will be considered to be the claims raised in the petition for
all purposes.  If Glidden disagrees with the claims as
identified, he must do so by filing an objection to this Report
and Recommendation or by properly moving to amend his petition.

she did withhold the information; (5) that court-appointed
counsel be supplied to Glidden; (6) that Ostrowski be charged
with conspiring with O'Connor to deprive Glidden of his civil
rights, if this court finds that Ostrowski did engage in such a
conspiracy; and (7) that a "no contact" order prohibiting
Ostrowski from having contact with Colleen be reinstated, if
this court finds that the order was vacated unconstitutionally.

Discussion

I.   Writ of Mandamus

The All Writs Act, 28 U.S.C. § 1651, provides authority to
the Supreme Court and all courts established by an Act of
Congress to issue "all writs necessary or appropriate in aid of
their respective jurisdictions and agreeable to the usages and
principles of law."  Section 1651 is not available to Glidden
here because "a federal district court cannot, by writ of
mandamus, direct a state court or judicial officer to perform an
official act."  Forsberg v. Land Ct. of Mass., Civil Action No.
10-11701-RGS, 2010 WL 4008571, *4 (D. Mass. Oct. 7, 2010)
(citing In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001)
(petition for writ of mandamus filed under § 1651 denied;
federal court cannot control or interfere with state court
litigation by way of mandamus), and Offutt v. Kaplan, 884 F.
Supp. 1179, 1183, 1187-88 (N.D. Ill. 1995) (federal action
brought under § 1651 and § 1983 against presiding judge in state

6

custody proceedings dismissed on ground that a federal district court has no jurisdiction to review state judicial proceedings (citing, inter alia, D.C. Cir. v. Feldman, 460 U.S. 462, 476 (1983))).

II.  Right to Prosecution

Glidden seeks a declaration as to whether or not Ostrowski and a guardian ad litem involved in Colleen's custody case are guilty of any conspiracy to violate his civil rights.  Glidden seeks to have those individuals charged with such conspiracies.

Glidden cannot have Ostrowski and the guardian ad litem criminally prosecuted.  No private right of action arises out of the failure to prosecute a particular crime.  See Leeke v. Timmerman, 454 U.S. 83, 87 (1982); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).  Because Glidden cannot maintain an action premised on a failure to investigate or prosecute alleged criminal acts, I recommend that any such claims as may have been intended be dismissed.[3]

_____

[3]To the extent that Glidden seeks to file any civil claim against an individual, he must do so expressly by properly filing a civil action, and not in an action seeking a writ of mandamus.

III. <u>Constitutional Questions</u>

Glidden, in his petition, poses ten "Constitutional Questions," presumably seeking answers from this Court.  This Court cannot provide legal advice to litigants.  The Court therefore declines to answer the "Constitutional Questions" in the petition.  If Glidden intends these questions to present constitutional or other claims in this Court, he must do so directly by properly filing a civil rights action.

Conclusion

For the foregoing reasons, I find that Glidden has failed to state any claim upon which relief might be granted and I recommend that the action be dismissed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See</u> <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:      November 3, 2010

cc:      Morris Glidden, pro se